**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>P.O. Box 34553<br>Washington, D.C. 20043, <br><br>*Plaintiff,* <br><br>vs. <br><br>U.S. PATENT AND TRADEMARK OFFICE<br>600 Dulany Street<br>Alexandria, VA 22314, <br><br>U.S. DEPARTMENT OF COMMERCE<br>1401 Constitution Avenue NW<br>Washington, D.C. 20230, <br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, D.C. 20520, and <br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION<br>1800 F Street NW<br>Washington, D.C. 20405, <br><br>*Defendants.* | Case No. 26-cv-2823 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Democracy Forward Foundation ("DFF") brings this action against Defendants the U.S. Patent and Trademark Office ("USPTO"), the U.S. Department of Commerce ("Commerce"), the U.S. Department of State ("State"), and the U.S. General Services Administration ("GSA") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

1

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

1.      Venue is proper under 28 U.S.C. § 1391(e), as at least one of the Defendants' headquarters is located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

2.      Plaintiff DFF is a not-for-profit organization incorporated under the laws of the District of Columbia and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

3.      Defendant USPTO is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and an agency within the Department of Commerce headquartered in Alexandria, Virginia. USPTO has possession, custody, and control of records to which Plaintiff seeks access.

4.      Defendant Commerce is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. Commerce has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant State is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. State has possession, custody, and control of records to which Plaintiff seeks access.

6.      Defendant GSA is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. GSA has possession, custody, and control of records to which Plaintiff seeks access.

**DFF's FOIA Requests**

7.      In September 2025, President Trump announced a plan to end the conflict in Gaza that called for the creation of a "Board of Peace," an international body chaired by President Trump to oversee Gaza's transitional governance and reconstruction.

8.      The Board's executive board include, among others, Secretary of State Marco Rubio, Special Envoy Steve Witkoff, and White House Senior Advisor Jared Kushner. GSA Federal Acquisition Service Commissioner Josh Gruenbaum serves as a senior advisor to the Board.[1]

9.      In March 2026, news outlets reported that State had transferred $1.25 billion from other departmental programs to the Board of Peace.[2]

10.     In addition, USPTO records show that trademark applications for the Board of Peace were filed with the USPTO in December 2025 and January 2026, and that USPTO Director John Squires personally completed the applications, prompting congressional inquiry into the USPTO's role.[3]

11.     To shed light on federal agencies' involvement with the Board of Peace, on May 15, 2026, DFF submitted the eight FOIA requests at issue in this action to Defendants.

*Commerce Communications Request*

12.     On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-DOC-26-0681, to Commerce seeking the following:

---

[1] Board of Peace, *Members*, https://perma.cc/XJ4K-RV2E.

[2] Eleanor Mueller, *State Department sends $1.25B from other programs to Board of Peace*, Semafor (Mar. 26, 2026), https://perma.cc/K3TJ-F35R.

[3] *See* United States Patent and Trademark Office, *76720938* (Dec. 30, 2025), https://perma.cc/86HB-CTT8; United States Patent and Trademark Office, *76720939* (Jan. 21, 2026), https://perma.cc/W6LG-E937; Blake Brittain, *House Democrat seeks answers from USPTO head on Board of Peace trademarks*, Reuters (May 5, 2026), https://perma.cc/T6RB-MK72.

All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms, including Signal, WhatsApp, Slack and Microsoft Teams, and direct messages on social media platforms such as X and Truth Social) <u>sent or received</u> by (a) the following DOC officials containing (b) any of the following key terms.

Agency Officials:
I. Howard Lutnick, Secretary
II. Paul Dabbar, Deputy Secretary
III. Anyone serving as Chief of Staff to the Secretary, including Yevette Depinto
IV. Anyone serving as Senior Advisor to the Secretary
V. Nicole Cubbage, Chief of Staff to the Deputy Secretary
VI. Pierre Gentin, General Counsel
VII. Harry Kuma, Assistant Secretary for Legislative and Intergovernmental Affairs

Key Terms:
I. "Board of Peace"
II. BOP
III. Kushner
IV. POTUS

13. The request further clarified:

Please note that this request does not seek the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. For example, if one of the included officials received a mass-distribution news clip with the term "BOP" in it, that initial email would not be responsive to this request. However, if said official forwarded this email to another individual with their own commentary, that subsequent message would be responsive to this request and should be produced.

14. This request sought records from December 1, 2025, until the date of the search.

15. On May 22, 2026, Commerce sent DFF an automated email assigning the request tracking number DOC-IOS-2026-001699.

4

16.    On June 29, 2026, Commerce sent DFF an acknowledgement email invoking "unusual circumstances" and stating that a decision on DFF's request for a fee waiver was pending.

17.    DFF has received no further communication from Commerce regarding this request.

*State Legal Advice Request*

18.    On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-STATE-26-0682, to State seeking the following:

> Records reflecting any final legal advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications) regarding the transferring of $1.25 billion of department funds to the Board of Peace. [Citation omitted.]
>
> DFF believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the Legal Adviser.

19.    This request sought records from December 1, 2025, until the date of the search.

20.    On May 15, 2026, State sent DFF an automated email assigning the request tracking number F-2026-17927.

21.    On May 21, 2026, State sent DFF an acknowledgement email placing the request in its complex processing track, invoking "unusual circumstances." State also denied DFF's request for a fee waiver.

22.    DFF has received no further communication from State regarding this request.

*State Communications Request*

23.    On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-STATE-26-0683, to State seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations,

5

calendar invitation attachments, text messages or messages on applications such as Signal or WhatsApp, messages on messaging platforms such as Slack or Microsoft Teams, and direct messages on social media platforms such as Truth Social or X) <u>sent or received by</u> (a) the State officials listed below containing (b) any of the following key terms.

<u>Agency Officials:</u>
I.      Marco Rubio, Secretary
II.     Anyone serving as Acting Chief of Staff or Chief of Staff to the Secretary
III.    Lisa Kenna, Executive Secretary
IV.     Christopher Landau, Deputy Secretary
V.      Michael Rigas, Deputy Secretary of State for Management and Resources
VI.     Jason Evans, Under Secretary for Management
VII.    Michael Needham, Counselor of the Department and Director of Policy Planning
VIII.   Jeremy Lewin, Under Secretary for Foreign Assistance, Humanitarian Affairs, and Religious Freedom
IX.     Anyone serving as Senior Advisor, Policy Advisor or Immediate Counselor to the Secretary
X.      Steve Witkoff, Special Envoy
XI.     Aryeh Lightstone, Senior Advisor to Steve Witkoff

<u>Key Terms:</u>
I.      "Board of Peace"
II.     BOP
III.    Kushner
IV.     POTUS

24.    The request further clarified:

Please note that this request does not seek the <u>initial</u> mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails <u>are</u> responsive to this request. For example, if one of the included officials received a mass-distribution news clip with the term "BOP" in it, that initial email would <u>not</u> be responsive to this request. However, if said official forwarded this email to another individual with their own commentary, that subsequent message would be responsive to this request and should be produced.

6

25.    This request sought records from December 1, 2025, until the date of the search.

26.    On May 15, 2026, State sent DFF an automated email assigning the request tracking number F-2026-17930.

27.    On May 21, 2026, State sent DFF an acknowledgement letter assigning the request to its complex processing track, invoking "unusual circumstances." State also denied DFF's request for a fee waiver.

28.    DFF has received no further communication from State regarding this request.

*GSA Communications Request*

29.    On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-GSA-26-0684, to GSA seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms, including Signal, WhatsApp, Slack and Microsoft Teams, and direct messages on social media platforms such as X and Truth Social) sent or received by (a) Federal Acquisition Service Commissioner Josh Gruenbaum containing (b) any of the following key terms.
>
> Key Terms:
>     I.    "Board of Peace"
>    II.    BOP
>   III.    Kushner
>    IV.    POTUS

30.    The request further clarified:

> Please note that this request does not seek the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. For example, if Commissioner Gruenbaum received a mass-distribution news clip with the term "BOP" in it, that initial email would not be responsive to this request. However, if Commissioner Gruenbaum forwarded this email to another individual with his own commentary, that subsequent message would be responsive to this request and should be produced.

31. This request sought records from December 1, 2025, until the date of the search.

32. On May 15, 2026, GSA sent DFF an automated email assigning the request tracking number 2026-FOI-01698.

33. On May 18, 2026, GSA sent DFF an acknowledgement letter assigning the request to its simple processing track. GSA also denied DFF's request for a fee waiver.

34. DFF has received no further communication from GSA regarding this request.

*USPTO Executive Office of the President Communications Request*

35. On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-USPTO-26-0685, to USPTO seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms, including Signal, WhatsApp, Slack and Microsoft Teams, and direct messages on social media platforms such as X and Truth Social) between (a) the following USPTO officials and (b) anyone communicating from the Executive Office of the President, including anyone communicating from an email address ending in eop.gov.
>
> Agency Officials:
> I. John Squires, Under Secretary of Commerce for Intellectual Property and Director
> II. Coke Morgan Stewart, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director
> III. Christopher Shipp, Chief of Staff
> IV. Todd Tiberi, General Counsel and Principal Legal Advisor
> V. Kathleen Cooney-Porter, Senior Legal Advisor
> VI. Dan Vavonese, Acting Commissioner for Trademarks
> VII. Charles Joyner, Office of the Commissioner for Trademarks Chief of Staff and Senior Advisor
> VIII. Mary Critharis, Chief Policy Officer and Director for International Affairs
> IX. David Gerk, Acting Deputy Chief Policy Officer for Trademarks and Copyright

8

36.    This request sought records from December 1, 2025, until the date of the search.

37.    USPTO assigned the request tracking number F-2026-000283.

38.    DFF has received no further communication from USPTO regarding this request.

*USPTO Communications Request*

39.    On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-USPTO-26-0686, to USPTO seeking the following:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, calendar invitation attachments, text messages, or messages on messaging platforms, including Signal, WhatsApp, Slack and Microsoft Teams, and direct messages on social media platforms such as X and Truth Social) sent or received by (a) the following USPTO officials containing (b) any of the following key terms.
>
> Agency Officials:
> I.    John Squires, Under Secretary of Commerce for Intellectual Property and Director
> II.    Coke Morgan Stewart, Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director
> III.    Christopher Shipp, Chief of Staff
> IV.    Todd Tiberi, General Counsel and Principal Legal Advisor
> V.    Kathleen Cooney-Porter, Senior Legal Advisor
> VI.    Dan Vavonese, Acting Commissioner for Trademarks
> VII.    Charles Joyner, Office of the Commissioner for Trademarks Chief of Staff and Senior Advisor
> VIII.    Mary Critharis, Chief Policy Officer and Director for International Affairs
> IX.    David Gerk, Acting Deputy Chief Policy Officer for Trademarks and Copyright
>
> Key Terms:
> I.    "Board of Peace"
> II.    BOP
> III.    "Eric Lane"
> IV.    "Green Patent Law"

9

    V.      Kushner
    VI.     "Patriot Principles Project"
    VII.    POTUS
    VIII.   PPP

40.     The request further clarified:

> Please note that this request does not seek the <u>initial</u> mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails <u>are</u> responsive to this request. For example, if one of the included officials received a mass-distribution news clip with the term "BOP" in it, that initial email would <u>not</u> be responsive to this request. However, if said official forwarded this email to another individual with their own commentary, that subsequent message would be responsive to this request and should be produced.

41.     This request sought records from December 1, 2025, until the date of the search.

42.     USPTO assigned the request tracking number F-2026-000284.

43.     DFF has received no further communication from USPTO regarding this request.

*USPTO Legal Advice Request*

44.     On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-USPTO-26-0687, to USPTO seeking the following:

> Records reflecting any final legal advice and analysis (including both formal legal analyses and memoranda, as well as informal electronic communications) regarding USPTO's completion of trademark applications for the Board of Peace, including but not limited to analysis regarding the applicability of Section 1051(a) of Title 15 (the Lanham Act), 35 U.S.C. Section 3, or 35 U.S.C. Section 2(b)(8); the decision of Director Squires to personally complete the trademark applications; or whether the trademark applications meet the basic requirements of trademarks. [Citation omitted.]
>
> DFF believes your office is in the best position to identify where responsive records are likely to reside, but believes a reasonable search should include, at a minimum, the Office of the General Counsel and Principal Legal Advisor.

10

45. This request sought records from December 1, 2025, until the date of the search.

46. USPTO assigned the request tracking number F-2026-000285.

47. DFF has received no further communication from USPTO regarding this request.

*USPTO Trademark Application Authorship Request*

48. On May 15, 2026, DFF sent a FOIA request, bearing internal tracking number DFF-USPTO-26-0688, to USPTO seeking the following:

> Records sufficient to show the authors and contributors to the trademark application(s) for the Board of Peace. Such documents could include copies of the applications with sufficient meta data included, drafts of the application with listed authors, and/or email communications. [Citation omitted.]

49. This request sought records from December 1, 2025, until the date of the search.

50. USPTO assigned the request tracking number F-2026-000286.

51. DFF has received no further communication from USPTO regarding this request.

*Exhaustion of Administrative Remedies*

52. More than twenty (20) business days have elapsed since Defendants received each of the requests described above, and Defendants have failed to make and communicate determinations regarding those requests within the time period required by law.

53. Through Defendants' failure to comply with the statutory time limits, DFF has constructively exhausted its administrative remedies as to each request. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

54. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

55.    By failing to respond to Plaintiff's requests with determinations and prompt productions of responsive records within the statutorily mandated time period, Defendants have violated their duties under 5 U.S.C. § 552, including but not limited to, their duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendants to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2. Order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5. Grant any other relief this Court deems appropriate.

Dated: August 10, 2026

Respectfully submitted,

/s/ *Hart W. Wood*
Hart W. Wood
(Bar No. 1034361)
Daniel A. McGrath
(Bar No. 1531723)
Ronald A. Fein
(Bar No. 90026641)
Robin F. Thurston
(Bar No. 7268942)

Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
hwood@democracyforward.org
dmcgrath@democracyforward.org
rfein@democracyforward.org
rthurston@democracyforward.org

13